UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEHU KESSA SAA TABANSI, a/k/a ALFONSO PERCY PEW, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>TOM WOLF, et al., <br><br>　　　　Defendants. | CIVIL ACTION NO. 3:15-CV-676 <br><br>(Judge Kosik) |

## ORDER

AND NOW, THIS 23rd DAY OF SEPTEMBER, 2015, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Sehu Kessa Saa Tabansi, a/k/a Alfonso Percy Pew, an inmate confined at the State Correctional Institution Forest, Marienville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 *pro se*, on March 9, 2015, in the United States District Court for the Western District of Pennsylvania. The action was transferred to this court on April 6, 2015[1]. Plaintiff's Complaint is based on problems Plaintiff encountered in the Special Management Unit with the diet he was provided and its effect on his health. Named as Defendants are Tom Wolf, the Governor of Pennsylvania, and John Wetzel, the Secretary of Pennsylvania Department of Corrections;

(2) The action was referred to Magistrate Judge Martin C. Carlson for Report and Recommendation;

(3) On August 28, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. 25), wherein he recommended that the Court deny Plaintiff's Motions for Leave to Proceed in forma pauperis (Docs. 4 and 16), deny his Motion

---

[1] The allegations in the Complaint occurred while Plaintiff was an inmate at SCI-Camp Hill, Pennsylvania.

concerning imminent danger of serious bodily physical harm (Doc. 11), and decline to permit him to file his Complaint pursuant to 28 U.S.C. § 1915(g); or alternatively, dismiss the Complaint for failure to state a claim upon which relief may be granted;

(4) Specifically, after reviewing the law surrounding 28 U.S.C. § 1915(g), the Magistrate Judge found that Plaintiff has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm, as required under 28 U.S.C. § 1915(g). Moreover, the Magistrate Judge found that the Complaint on its face fails to state a claim upon which relief may be granted with respect to the Governor of Pennsylvania and the Secretary of the Department of Corrections;

(5) On September 11, 2015, Plaintiff filed Objections (Doc. 29) to the Report and Recommendation and a Brief in Support thereof (Doc. 30);

(6) In his Objections, Plaintiff does not dispute that he falls within the Three Strikes provision of 28 U.S.C. §1915(g), but challenges the Magistrate Judge's conclusion that Plaintiff has not established that he is under imminent danger of serious physical injury citing his diet and hypertension. Plaintiff also objects to the Magistrate Judge's finding that he has not set forth supervisory liability on behalf of the Governor and Secretary of the Department of Corrections;

AND, IT FURTHER APPEARING THAT:

(7) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(8) After reviewing the Magistrate Judge's Report and Recommendation and the Plaintiff's Objections and Brief, we find that the Magistrate Judge is correct in concluding that the Plaintiff's allegations do not fall within the ambit of imminent danger of serious physical injury; and, that the Complaint fails to state a claim against the Governor and the Secretary of the Department of Corrections;

(9) Imminent dangers are those dangers which are about to occur at any moment or are impending. Abdul-Akbar v. McKelvie. 239 F.3d 307, 315 (3d Cir. 2001). Practices that "may prove detrimental ... over time" also do not represent imminent dangers as the harm is not "about to occur at any moment." Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013)(quoting Abdul-Akbar, 239 F.3d at 315)(internal quotation marks omitted). Further, even if an alleged harm may in fact be "impending", it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. §1915(g). Vague or conclusory allegations are insufficient to meet this standard. See Ball, 726 F.3d at 468;

(10) Moreover, as to respondent superior or supervisory liability, personal involvement must be alleged and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988);

(11) In the instant action, the basis of Plaintiff's claims deal with the diet he was served in the SMU and its effect on his health. Plaintiff attempts to set forth the facts in such a way as to come within the "imminent harm" exception to be permitted to proceed in this action, even though he is subject to the Three Strikes Bar. There are no allegations in the Complaint demonstrating "impending serious physical injury". Any such claim regarding the impact of the dietary situation and its effect on his health, in particular, hypertension, is speculative at best. Clearly, such allegations do not suggest imminent, impending harm to Plaintiff. Additionally, the Magistrate Judge is correct in finding that Plaintiff has failed to allege supervisory liability on the part of Defendants.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated August 28, 2015 (Doc. 25) is **ADOPTED**;

(2) Plaintiff's requests to proceed in forma pauperis (Docs. 4 and 16) are **DENIED**; and, Plaintiff's Motion regarding imminent danger of serious bodily physical harm (Doc. 11) is **DENIED**;

(3) The Complaint is **DISMISSED** pursuant to 28 U.S.C. §1915(g). Additionally, the Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted; and,

(4) The Clerk of Court is directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge.

    s/Edwin M. Kosik  
Edwin M. Kosik  
United States District Judge